IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. STOCKTON                                                                                          PLAINTIFF
ADC #169885

v.                                              4:23-cv-00477-BRW-JJV

DEXTER PAYNE,
Director, ADC; *et al.*                                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    INTRODUCTION**

Joshua M. Stockton ("Plaintiff") is a prisoner in the Wrightsville Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging several Defendants failed to provide him with constitutionally adequate medical care. (Doc. 49.) Plaintiff's remaining claims are that, starting in October 2022: (1) Defendants Wellpath LLC and former ADC Secretary Solomon Graves enacted a policy or practice prohibiting the use of gel shoe inserts needed to alleviate his chronic back pain, (2) Defendant Dr. Ronald Stukey canceled his prescription for those inserts, and (3) Defendant Health

Services Administrator ("HSA") Huff failed to take corrective action after reading his grievances about the matter.[1] (*Id.*; Doc. 59.)

Defendants Huff, Stukey, and Wellpath LLC ("Medical Defendants") have filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law. (Docs. 87-89.) Plaintiff has not filed a Response, and the time to do so has expired. *See* Local Rule 7.2(b) (response to a motion is due fourteen days after service). Thus, the facts in the Medical Defendants' Statement of Undisputed Facts (Doc. 89) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001). And, as will be discussed herein, those facts are supported by the record. After careful consideration and for the following reasons, I recommend the Motion be GRANTED, and Plaintiff's claims against the Medical Defendants be DISMISSED with prejudice.

Additionally, Plaintiff has not complied with my April 1, 2024 Order to provide a service address for Defendant Graves, and the time to do so has expired. (Doc. 86.) Thus, I recommend all claims against Defendant Graves be DISMISSED without prejudice due to a lack of service, and this case be CLOSED. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout*, 991 F.3d 487, 489 (1993).

## II.   SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323.

---

[1] On April 26, 2024, I entered a Partial Recommended Disposition suggesting Plaintiff's claims against Defendants Payne, Culclager, Reed, Bolden, and Skinner be dismissed without prejudice due to a lack of exhaustion. (Doc. 101.)

Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011).  In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

**III.    FACTS**

Plaintiff has mild to moderate degenerative disc disease resulting in chronic back pain. (Docs. 89-1; 89-5).  On October 4, 2022, Dr. Stukey saw Plaintiff in the prison infirmary to renew his prescription for a second mattress to accommodate that condition.  (Doc. 89-2.)  There is no indication in the medical records that shoe inserts were discussed at that time.  (*Id*.)  However, on October 7, 2022, Plaintiff filed a grievance saying that during the October 4, 2022 examination, Dr. Stukey told him the "ADC is disallowing the continued use of gel inserts for arch support for shoes."  (Doc. 90-4 at 2.)  HSA Huff denied the grievance because gel insoles were no longer available to be ordered.  (*Id.*)  But she said that "does not mean you can not have a different insole."  (*Id.*)  On appeal, the Chief Deputy Director concluded the grievance had merit because the medical records did not say whether the medical provider had considered an alternative to gel inserts or if any type of shoe inserts were medically necessary.  (*Id*. at 9.)

On January 24, 2023, Dr. Stukey examined Plaintiff, who reported back and foot pain, along with muscle spasms in his mid to lower back.  (Doc. 89-5.)  Dr. Stukey observed Plaintiff had a normal gait, normal straight leg raises indicating no significant back pain, and moderate degenerative disc disease.  (*Id*.; Doc. 89-1.)  He then prescribed gabapentin for pain treatment.

3

(Doc. 89-5.) The records indicate Dr. Stukey "[d]iscussed insoles that were removed from patient as newly defined contraband by ADC. Cannot replace." (*Id.* at 3.) But he did not prescribe any alternate form of insoles or determine they were medically necessary. And he instructed Plaintiff to return to the infirmary in ninety days for a chronic care visit.

On March 7, 2023, Dr. Stukey treated Plaintiff, who reported worsening back pain with muscle spasms and requested treatment with prednisone. (Doc. 89-6.) Dr. Stukey observed Plaintiff still had a normal gait and normal leg raises, but mild to moderate tenderness in his back upon palpitation. To treat Plaintiff's discomfort, Dr. Stukey prescribed prednisone, duloxetine, and naproxen. But he did not prescribe or discuss the use of any type of insoles.

On April 11, 2023, Plaintiff filed a grievance alleging Wellpath LLC and HSA Huff did not allow him to have gel inserts. (Doc. 90-5 at 2.) Defendant Huff denied the grievance because gel inserts are "not on our ordering formulary." (*Id.*) She also said, "you were offered plain insoles," but she did not say by whom. (*Id.*) And there is no indication in the medical records that any type of inserts were ordered for Plaintiff. HSA Huff's ruling was later affirmed on appeal.

One month later, on May 11, 2023, a non-party APRN examined Plaintiff, who reported back pain radiating down his left leg. (Doc. 89-8.) However, Plaintiff denied any difficulty walking and demonstrated a normal gait and range of motion. (Doc. 89-9.) The APRN treated Plaintiff's pain with prescriptions for duloxetine, a dexamethasone injection, and diclofenac gel. Plaintiff filed this lawsuit a few days later, on May 24, 2023. (Doc. 1.)

IV. **DISCUSSION**

    A. **Inadequate Medical Care Claim Against Dr. Stukey**

"The Eighth Amendment requires state prison officials to provide inmates with needed

medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To defeat summary judgment and proceed to trial on his Eighth Amendment inadequate medical care claim against Dr. Stukey, Plaintiff must have evidence, viewed in the light most favorable to him, that: (1) he had an objectively serious need for shoe inserts; and (2) Dr. Stukey subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Plaintiff's evidence falls short on both elements.

As to the first element, a medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or one "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Presson v. Reed,* 65 F.4th 357, 366 (8th Cir. 2023); *De Rossitte v. Correct Care Sols., LLC*., 22 F4th 796 (8th Cir. 2022). It is undisputed that neither Dr. Stukey nor the non-party doctor and APRN who also saw Plaintiff during the relevant time determined that gel, or any type of shoe inserts, were medically necessary. (Docs. 89-4, 89-8, 89-9.) And Dr. Donna M. Shipley, who is a board-certified family practice physician, says in her sworn affidavit there "was no clinical indication for gel insoles to be ordered." (Doc. 89-2 at ¶ 9.) Plaintiff has not offered contrary evidence. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact").

As to the second element, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023). To establish deliberate indifference, there must be evidence the Dr. Stukey "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk."

*Smith v. Lisenbe,* 73 F.4th 596, 660 (8th Cir. 2023) (emphasis in the original).   This level of mental culpability is "akin to criminal recklessness."   *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023).

It is undisputed Dr. Stukey examined Plaintiff in response to his reports of chronic back pain and prescribed him a variety of medications to treat that condition.   *See Fourte v. Faulkner Cnty.*, 746 F.3d 384, 390 (8th Cir. 2014) (no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner").   Plaintiff's mere disagreement with that course of medical care does not rise to the level of a constitutional violation.   *See Hall,* 77 F.4th at 1179; *Barr*, 909 F.3d at 921-22.   Additionally, Dr. Shipley says in her declaration that, based on her medical expertise, the treatment provided by Dr. Stukey was "appropriate and adequate."   (Doc. 89-1 at ¶ 10.)   Plaintiff has not offered any contrary evidence.   *See Cejvanovic v. Ludwick,* 923 F.3d 503, 508 (8th Cir. 2019) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment").   For these reasons, I conclude Defendant Stukey is entitled to summary judgment on the inadequate medical care raised against him.

      **B.**    **Policy/Practice and Corrective Inaction Claims Against Wellpath and Huff**

To proceed to trial on his claim against Defendant Wellpath LLC, Plaintiff must have evidence a corporate policy or practice caused the violation of his constitutional rights.   *De Rossitte v. Correct Care Sols., LLC*, 22 F.4th 796, 804 (8th Cir. 2022).   Similarly, to proceed with his corrective inaction claim against Defendant HSA Huff, Plaintiff must have evidence she knew about of a pattern of unconstitutional conduct but failed, with deliberate indifference, to take sufficient remedial measures.   *McGuire v. Cooper*, 952 F.3d 918, 922 (8th Cir. 2020).   Both claims are predicated on evidence of an underlying constitutional violation.   Because there is no

evidence Plaintiff received constitutionally inadequate medical care, these two claims also fail as a matter of law. *De Rossitte*, 22 F.4th at 804; *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007). Accordingly, I conclude these Defendants Wellpath LLC and Huff are also entitled to summary judgment.

That being said, I understand Plaintiff is frustrated that he no longer receives gel inserts. But, as previously explained, the bar for establishing a constitutional violation is high. And nothing in the record before me suggests gel insoles are medically necessary or that Plaintiff received constitutionally inadequate medical care. And it is undisputed that Plaintiff, who has previously had some funds in his inmate account, can purchase foam shoe inserts from the prison commissary for approximately $2.00 (Doc. 4; Doc. 89-10 at 19-20.)

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Medical Defendants' Motion for Summary Judgment (Doc. 87) be GRANTED, and Plaintiff's claims against Defendants Stukey, Huff, and Wellpath LLC be DISMISSED with prejudice.

2. Plaintiff's claims against Defendant Graves be DISMISSED, without prejudice, due to a lack of service.

3. The case be CLOSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of May 2024.

                                          _____
                                          JOE J. VOLPE
                                          UNITED STATES MAGISTRATE JUDGE